```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MICHELE M. GARNEAU,                 :
   Plaintiff,                       :
                                    :
v.                                  :   CIVIL NO: 3:13-CV-00899(AVC)
                                    :
CHRISTOPHER PAQUIN and              :
TOWN OF WATERTOWN                   :
   Defendants.                      :
```

### RULING ON THE PLAINTIFF'S MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

This is an action for compensatory and punitive damages in which the complaint alleges that the defendant, Christopher Paquin, a patrol officer in the town of Watertown, subjected the plaintiff, Michele Garneau, to excessive force. It is brought pursuant to 42 U.S.C. § 1983, article one of the Connecticut Constitution, and common law tenets concerning assault and battery, recklessness, and emotional distress.

Garneau has filed the within motion to quash a subpoena to depose a third-party and for a protective order. For the reasons that follow, the within motion (document no. 27) is DENIED.

### FACTS

On May 30, 2014, Garneau disclosed Reginald Allard to Paquin and Watertown as a lay witness pursuant to Rule 701 of the Federal Rules of Evidence. On February 11, 2015, Paquin and

Watertown served a subpoena on Allard to appear for a deposition on March 24, 2015.  Specifically, the notice stated:

> [A]t 1:00 p.m. on Tuesday, the 24th day of March, 2015, at the law offices of Howd & Ludorf, LLC located at 65 Wethersfield Avenue, Hartford, Connecticut, the defendants, Christopher Paquin and Town of Watertown, will take the deposition of the plaintiff's Rule 701 witness, Reginald F. Allard, Jr. of 13th Juror, LLC, 350 Rockwood Drive, P.O. Box 1013, Southington, Connecticut, upon oral examination pursuant to Federal Rules of Civil Procedure, before Niziankiewicz & Miller, a Notary Public, or before some other officer authorized by law to administer oaths.

On March 19, 2015, Allard sent an e-mail to Paquin and Watertown with a fee invoice attached.  That same day, Paquin and Watertown responded to the invoice stating that "expert fees would not apply" since Garneau disclosed Allard as a Rule 701 lay witness.  Allard replied that he would "respond to [the] subpoena as a Lay Witness to testify about [his] 23 years of 'personal perceptions' as POSTC Police Instructor to the best of [his] un-refreshed recollections."

On Friday, March 20, 2015, four days before the deposition, Garneau filed the within motion to quash the deposition subpoena and for a protective order.  On March 21 and 22, Garneau filed two supplemental memoranda.  On March 23, 2015, Paquin and Watertown sent an e-mail to Garneau:

> I am in receipt of your motion to quash and protective order filed this weekend on the eve of the deposition of Mr. Allard.  There is no ruling in place, and as

such, the deposition will take place tomorrow at 1:00. . . . [T]he subpoena was served on Mr. Allard on February 12, 2015──more than a month ago. Lastly, nothing was filed by Mr. Allard himself, who is the person from whom the discovery is being sought.

On March 24, 2015, Allard attended the deposition. Paquin and Watertown sent an e-mail to Garneau informing her of his appearance, and Garneau responded, "You are NOT to depose Allard today!" At 1:18 p.m., Paquin and Watertown's counsel confirmed on the record that Garneau did not attend the deposition. Specifically, the attorney noted that "Mr. Allard was [there] pursuant to the subpoena at the correct date and time and location" and that Garneau's attorney "has indicated on several occasions that she is refusing to appear for th[e] deposition."

## STANDARD

"The decision whether to quash, modify, or condition a subpoena is within the district court's discretion." Weinstein v. Univ. of Conn., No. 11CV1906(WWE), 2012 WL 3443340, at *2 (D. Conn. Aug. 15, 2012). The court also has broad discretion in ruling on a motion for a protective order. Penthouse Int'l, Ltd. v. Playboy Enters., Inc., 663 F.2d 371, 391 (2d Cir. 1981). "The burden of persuasion in a motion to quash a subpoena and for a protective order is borne by the movant." Jones v. Hirschfeld, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003).

3

**DISCUSSION**

Garneau argues that Paquin and Watertown have refused to agree to pay Allard a fee for testifying at a deposition. Garneau contends that a witness disclosed pursuant to Rule 701 can give lay expert opinions. She argues that Allard's testimony is analogous to the testimony of a treating physician who is a hybrid between a Rule 701 and Rule 702 expert and is entitled to a reasonable fee. Therefore, Garneau moves to quash the subpoena until the court can determine a reasonable fee for Allard's deposition.[1]

Paquin and Watertown respond that Garneau disclosed Allard as a lay witness in this case and Paquin and Watertown noticed his deposition as a lay witness. Therefore, Paquin and Watertown argue that Allard is not entitled to expert fees. Moreover, Paquin and Watertown contend that the motion is untimely, Garneau does not have standing, and Garneau has failed to establish that conducting the deposition without expert compensation will cause any undue burden.

A party may use a subpoena to command a person to attend and testify at a deposition. Fed. R. Civ. P. 45(a)(1)(A)(iii); see also Fed. R. Civ. P. 30(a)(1). Pursuant to 28 U.S.C. §

---

[1] Curiously, Garneau does not argue that she inadvertently disclosed Allard as a lay witness instead of an expert witness. A review of the record indicates that such a mistake could have been plausible. On April 29, 2014, Garneau moved for an order extending the time for disclosure of her expert witness to June 1, 2014. On May 30, 2014, Garneau disclosed Allard. Garneau has maintained, however, that she purposefully disclosed Allard as a lay witness.

4

1821, "a witness in attendance . . . before any person authorized to take his deposition . . . shall be paid an attendance fee of $40 per day."  28 U.S.C. § 1821.  With respect to experts, however, Rule 26 provides that a party seeking discovery shall "pay the expert a reasonable fee for time spent in responding to discovery."  Fed. R. Civ. P. 26(b)(4)(E)(1).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  A party seeking a protective order has the burden to show good cause for the issuance of that order.  Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004).  "Ordinarily, good cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'"  In re Terrorist Attacks on Sept. 11, 2001, 454 F. Supp.2d 220, 222 (S.D.N.Y. 2006) (quoting Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005)). "To establish 'good cause' under Rule 26(c), courts require a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"  Burgess v. Town of Wallingford, No. 3:11-CV-1129(CSH), 2012 WL 4344194, at *6 (D. Conn. Sept. 21, 2012) (quoting Havens v. Metro. Life Ins. Co., No. 94-cv-1402(CSH), 1995 WL 234710, at *10 (S.D.N.Y. Apr. 20, 1995)).

Further, Rule 45(d) states, in relevant part, that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "Ordinarily a party does not have standing to move to quash a subpoena served on a third party. Rather, only the person or entity to whom a subpoena is directed has standing to file a motion to quash." Jacobs v. Conn. Cmty. Tech. Colls., 258 F.R.D. 192, 194-95 (D. Conn. 2009). An exception to this rule exists where a party has a personal right or privilege regarding the subject matter of the subpoena. See id.; see also Weinstein v. Univ. of Conn., No. 11CV1906(WWE), 2012 WL 3443340, at *2 (D. Conn. Aug. 15, 2012).

Here, Garneau has failed to show good cause as to why this motion for a protective order should be granted. Nothing in the record suggests that conducting the deposition on March 24, 2015, would have caused a clearly defined, specific, and serious injury to Allard or to Garneau. There is absolutely no reason why the parties could not have conducted the deposition on March 24, 2015, and then sought a determination from the court as to whether a reasonable fee applied.[2] Accordingly, Garneau has not

---

[2] This practice is common in federal court where parties disagree about the reasonableness of a fee. See Conte v. Newsday, Inc., No. 06CV4859(JFB)(ETB), 2011 WL 3511071, at *2 (E.D.N.Y. Aug. 10, 2011) ("The rule and the case law makes it clear that the parties seeking court intervention to determinate a

6

met her burden in showing good cause for the issuance of a protective order.

Moreover, the court rejects Garneau's argument that Allard is a "hybrid" expert who may be disclosed as a lay witness but give expert testimony.[3]  Garneau analogizes Allard's profession as a police consultant to that of a treating physician, but such a comparison is wholly without merit.  A treating physician often testifies as to the care and treatment of a patient, and in doing so, the doctor "bring[s] extraordinary insight into facts which can only be gleaned through their scientific or specialized knowledge."  Lamere v. N.Y. State Office for the Aging, No. 03CV0356, 2004 WL 1592669, at *1-2 (N.D.N.Y. July 14, 2004).  Here, Garneau disclosed Allard as a "fact witness" or "lay witness."  The notice of Allard's deposition stated specifically that Paquin and Watertown "will take the deposition of the plaintiff's Rule 701 witness, Reginald F. Allard, Jr."  Indeed, in an e-mail to the parties, Allard stated, "I will respond to your subpoena as a Lay Witness to testify about my 23

---

reasonable fee for an expert deposition should do so retrospectively—that is, after the deposition has taken place.").

[3] Only one court in this district has characterized treating physicians as "hybrid" experts.  See Badr v. Liberty Mut. Grp., Inc., No. 06CV1208(AHN), 2007 WL 2904210, at *4 (D. Conn. Sept. 28, 2007).  In that case, the district court reasoned that "[the treating physician's] expertise coupled with factual knowledge about the plaintiff allow him to draw conclusions about the plaintiff's course of treatment, progress and prognosis, as well as the possible origins of her mental or emotional condition."  Id.  The court concluded that a treating physician "fits squarely within the definition of Fed. R. Evid. 702, yet he is not designated as an expert witness and the court will not require that he file an expert report."  Id.

7

years of 'personal perceptions.'"[4]  Accordingly, the court concludes at this juncture that Allard is a lay witness and is entitled only to a fee prescribed in 28 U.S.C. § 1821.[5]

With respect to the motion to quash, the subpoena at issue is directed to a third-party and Garneau does not have a personal right or privilege regarding the subject matter of the subpoena.  Instead, the only issue is that Paquin and Watertown refuse to pay a reasonable fee.  Accordingly, Garneau does not have standing to file a motion to quash on behalf of Allard.[6]

Even if Garneau did have standing, Garneau fails to show that the deposition imposes an undue burden on the deponent. "Whether a subpoena subjects a witness to undue burden within the meaning of [Rule 45(d)(3)(A)(iv)] 'depends upon such factors as relevance . . . and the burden imposed.'"  In re Application

---

[4] Garneau even states in her memorandum that she "served defendants with a *Rule 701 lay witness disclosure* of Reginald Allard."

[5] If Garneau intends to use Allard as an expert witness, she must comply with Rule 26 and disclose him as such.  This includes providing a written report pursuant to Rule 26(a)(2)(B).

[6] Paquin and Watertown also argue that Garneau's motion to quash is untimely. On Friday, March 20, 2015, at 6:55 p.m., Garneau filed the within motion. The subpoena to testify dated February 11, 2015, scheduled the deposition for March 24, 2015, at 1:00 p.m.  "It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena." Estate of Ungar v. Palestinian Auth., 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006); see also Nova Biomedical Corp. v. i-STAT Corp., 182 F.R.D. 419, 422 (S.D.N.Y. 1998) (providing a history of amendments relating to Rule 45).  One of the few circumstances in which courts find motions to quash to be untimely is when a party files a motion to quash after a scheduled deposition.  See Innomed Labs, LLC v. Alza Corp., 211 F.R.D. 237, 240 (S.D.N.Y. 2002); In re Ecam Publ'ns, Inc., 131 B.R. 556 (Bankr. S.D.N.Y. 1991).  Here, the motion to quash is timely for purposes of Rule 45.

of Operacion y Supervision de Hoteles, S.A., No. 14 Misc. 82(PGG), 2015 WL 82007, at *4 (S.D.N.Y. Jan. 6, 2015) (alterations in original) (quoting Kirschner v. Klemons, No. 99 Civ. 4828(RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005)). Here, the uncertainty of whether Paquin and Watertown would pay Allard a reasonable fee for his deposition is not an undue burden.  The fact that Allard attended the deposition while knowing that he would be compensated only as a lay witness highlights the lack of undue burden.  Allard did not file this motion to quash nor did he call this issue to the attention of the court.  Instead, he complied with the subpoena and fully intended to testify at the deposition.  Accordingly, the subpoena did not impose an undue burden on Allard.

Taken together, the court concludes that Garneau has not satisfied her burden in establishing the standard for a protective order or for an order to quash the subpoena.

### CONCLUSION

Based upon the foregoing, Garneau's motion to quash and for a protective order (document no. 27) is DENIED.

So ordered this 1st day of June, 2015 at Hartford, Connecticut.

                                            /s/
                            Alfred V. Covello
                            United States District Judge